[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 17, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-13749

_____

D. C. Docket No. 98-01363-CV-ORL

HARRIS CORPORATION,

Plaintiff-Counter-
Defendant-Appellant-
Cross-Appellee,

versus

GIESTING & ASSOCIATES, INC.,

Defendant-Counter-
Claimant-Appellee-
Cross-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(July 17, 2002)**

Before TJOFLAT, RONEY and COX, Circuit Judges.

PER CURIAM:

Harris Corporation ("Harris"), a semiconductor devices and systems manufacturer, appeals in three aspects a judgment based on a jury verdict in favor of Giesting & Associates, Inc. ("Giesting") for breach of the sales representative agreement between the two. Giesting cross-appeals on three issues. The jury verdict, answering special interrogatories, assessed damages in three different categories. The district court entered a lump sum judgment in the amount of $748,336 plus prejudgment interest of $83,505.33. A separate judgment was entered against Harris for attorney's fees in the amount of $30,000. We vacate the judgment for damages and remand for further proceedings. We affirm the judgment for attorney's fees.

Giesting made the following claims against Harris which were presented to the jury:

(1) <u>Harris unlawfully terminated their sales representative agreement</u>. The jury found that Harris improperly terminated the contract and awarded damages of $417,664. We reverse this part of the judgment because the contract's "termination for convenience" language was unambiguous and the district court improperly admitted extrinsic evidence to effectively strike the clause from the contract. Without this extrinsic evidence there would have been an insufficient basis for a breach of contract claim based upon Harris' termination for convenience.

2

(2)  <u>Harris violated applicable state statutes which require prompt payment of commissions upon termination and impose penalties for failure to do so</u>.  The jury found that Harris violated the state commission statutes of Alabama, Georgia, Indiana, and Michigan, and awarded damages under these statutes of $122,046.  We affirm this portion of the judgment.

(3)  <u>Harris failed  to pay commissions and other amounts that were due to Giesting under the agreement for work done prior to the termination date</u>.  The jury found that Harris breached the agreement by improperly reducing commissions, awarding damages of $208,626.  Harris does not appeal its liability for having improperly reduced the commissions, but contends the amount is based on an incorrect termination date and thus incorrect.  We agree and vacate this portion of the judgment and remand for recalculation based on the agreement's proper termination date.

On cross-appeal, Giesting claimed that the district erred by denying its motion for new trial which was based upon(1) Giesting's breach of contract claim on the J1850 product line; and (2) Giesting's unjust enrichment claim.  Giesting also claims that the district court improperly limited Giesting's attorney's fees to $30,000 out of the $343,359 Giesting requested.

Harris Corporation, which manufactured and sold semiconductors, entered into a sales representative agreement, effective July 1, 1997, with Giesting & Associates, Inc., whereby Giesting would be compensated through commissions on sales of Harris products. This was a non-exclusive contract and Harris had sales representative agreements with other firms. This 1997 agreement was preceded by five previous agreements over a period of ten years. They set forth in detail the parties' relationship. With one exception, they all contained a termination - for- convenience clause discussed below.

In 1998, because of a severe downturn in the semiconductor industry and based on economic conditions and business considerations, Harris decided to terminate its sales representative agreement with Giesting and a number of other sales representative firms. In a jury trial, the district court concluded that the termination-for-convenience clause was ambiguous and allowed extrinsic evidence that, in effect, allowed the jury to disregard this provision of the contract and decide that Harris had improperly terminated the contract.

We discuss each of the points raised by appellant Harris *seriatim*, but note that it is only the decision on the first issue that sets a precedent in this circuit and merits publication.

I.    Harris unlawfully terminated the sales representative agreement it had with Giesting.

The central issue is whether the "termination for convenience" section in the contract was sufficiently ambiguous for the district court to allow extrinsic evidence to effectively strike the section. The relevant portions of the contract read as follows:

Harris or Representative may terminate this Agreement for convenience at any time upon sixty (60) days written notice to the other . . . .

Harris may also terminate this Agreement for default in the event Representative:

(i)     Fails to perform any material obligation required by this Agreement;

(ii)    Makes an assignment for the benefit of creditors or a trustee in bankruptcy, or a receiver is appointed;

(iii)   Submits any false or fraudulent reports or statements concerning Harris or its Products to any Customer, the Government, or to Harris;

(iv)    Violates any applicable federal or state law or regulation, including the export administration and control laws and regulations of the United States or any amendments thereto.

We review *de novo* whether a contract's language is ambiguous. *Hopkins v. BP Oil, Inc.,* 81 F.3d 1070, 1074 (11th Cir. 1996) (citing *Dunkin' Donuts of Am., Inc. v. Minerva, Inc.,* 956 F.2d 1566, 1573 (11th Cir. 1992)).

The district court erred in finding that the contract was ambiguous and permitting parol evidence. The general rule is that "termination for convenience" clauses permit one party to terminate a contract, even in the absence of fault or breach

5

by the other party, without suffering the usual financial consequences of breach of contract. *See generally Stock Equip. Co. v. Tenn. Valley Auth.,* 906 F.2d 583 (11th Cir. 1990). Termination for convenience clauses may not be used to shield the terminating party from liability for bad faith or fraud. *T & M Distribs., Inc. v. United States,* 185 F.3d 1279, 1283 (Fed. Cir. 1999). A " party who willingly and without protest enters into a contract with knowledge of the other party's interpretation is bound by such interpretation and cannot later claim that it thought something else was meant." *Perry & Walters v. United States,* 427 F.2d 722 (Ct. Cl. 1970); *see also* Restatement (SECOND) of Contracts § 201(2) (1981).

In this case we have two private, sophisticated parties who voluntarily entered into a contract. The record indicates that Giesting knew of the termination for convenience clause, what it meant, and requested that Harris remove it. Harris refused, and Giesting agreed to the contract anyway, even though it had successfully negotiated the provision out of one of the previous contracts..

"Termination for convenience" as used in this case is not ambiguous because the meaning of the phrase is plain on its face insofar as it permits termination without cause. In fact, a separate section in the contract discusses "termination for default," sometimes referred to as "termination for cause." The inclusion of the "termination for default" section strongly supports the application of the plain meaning of

"termination for convenience" in this contract because it indicates that the parties differentiated between reasons for termination and expressly adopted both "termination for convenience" and "termination for default."

In an unpublished disposition, the Second Circuit, looking at Florida law, summarily affirmed the district court's opinion in *Trionic Assocs., Inc. v. Harris Corp.*, 198 F.3d 235 (2d Cir. 1999), stating that "[w]e affirm the judgment of the district court substantially for the reasons stated in its thorough and well-reasoned [published] opinion. *See Trionic Assocs., Inc. v. Harris Corp.*, 27 F.Supp.2d 175, 180-85 (E.D.N.Y. 1998). We have considered all of the appellant's arguments on appeal and find them to be without merit." In *Trionic*, the district court held that the termination for convenience clause in the contract between Harris and Trionic, both of which were sophisticated, private companies, was valid and controlling, and Harris properly terminated for convenience its contract with Trionic. The *Trionic* court followed the general rule that conduct which is expressly authorized by a contract cannot be said to breach the implied covenant of good faith and fair dealing, reasoning that "Harris' past conduct may arguably have created an expectation that Harris would not terminate the contract for convenience, yet the Agreement expressly gives Harris the right to do so. The express contract terms controls over any alleged conflicting usage or course of dealing." *Trionic,* 27 F. Supp. 2d at 181 (citing *Corensweet, Inc.*

7

*v. Amana Refrigeration, Inc.*, 594 F.2d 129, 136 (5th Cir. 1979) (holding that not exercising a termination for convenience clause for seven years did not create a course of conduct that overrode express contractual language that permitted termination of the contract "for any reason.")).

One other district court, in an unpublished opinion, entered summary judgment for Harris on an identical breach-of-contract claim. *Oasis Sales Corp. v. Harris Corp.,* Civ. No. 98 - 2737 (D. Minn. Aug. 4, 1999). A number of other unpublished district court opinions involved cases similar to the instant case.[1] Apparently, these district courts did not publish their orders because standard "termination for convenience" language is so commonly regarded as *not* ambiguous. No cases other than this one have been cited to the Court that have held the clause to be ambiguous.

---

[1] *See, e.g., Lantec, Inc. v. Novell, Inc.,* No. 2: 95-CV-97ST, 2001 U.S. Dist. LEXIS 7911, at *14 (D. Utah May 8, 2001) (holding that termination for convenience clause gave part the "absolute right" to terminate agreement with agreed-to 90 days notice without having to show cause); *A.P.J. Assocs., Inc. v. N. Am. Philips Corp.*, No. 98-74911, 2001 WL 279760, at *6 (E.D. Mich. Jan. 30, 2001) (holding that sales representative agreement containing termination for convenience clauses were not ambiguous); *Mountbatten Sur. Co. v. AFNY, Inc.*, No. 99-2687, 2000 WL 375259, at *3, n.27 (E.D. Pa. April 11, 2000) (granting summary judgment where contract provided for termination for convenience); *TSI Energy, Inc. v. Stewart & Stevenson Operations, Inc.*, No. 98-CV-0331, 1998 WL 903629, at *5 - 6 (N.D.N.Y. Dec. 23, 1998) (stating that termination for convenience clause "clearly and unambiguously gave [defendant] the right to terminate the contract at any time without cause.").

Because the contract's language is unambiguous, parol evidence may not be admitted, and the district court erred by permitting Giesting to enter parol evidence and by instructing the jury to consider it. *See, e.g., Lawrence v. United States,* 378 F.2d 452, 464 n.37 (5th Cir. 1967) (citation omitted)*, Nanakuli Paving and Rock Co. v. Shell Oil Co., Inc.,* 664 F.2d 772, 780 (9th Cir. 1981), *and Shipner v. Eastern Air Lines, Inc.,* 868 F.2d 401, 405 (11th Cir. 1989).

There being no basis for a verdict in favor of Harris with the "termination for convenience" clause a part of the contract, Harris is entitled to judgment on Giesting's breach of contract claim for Harris' contract termination. Accordingly, the jury's $417,664 damage award should not have been included in the judgment.

II. <u>Harris violated applicable state statutes which require prompt payment of commissions upon termination and impose penalties for failure to do so</u>.

Harris argues that (1) Giesting failed to meet its burden of proof on these claims; (2) the district court improperly permitted the jury to consider the state-law commission payment statutes of Alabama, Georgia, Indiana, and Michigan because these statutes unduly burden interstate commerce and are therefore unconstitutional; (3) the district court improperly denied Harris' request to instruct the jury that the exemplary damages provided for in the statutes may be awarded only upon a showing of clear and convincing evidence; and (4) "the district court's [jury] instruction that

9

exemplary damages under the Alabama statute were 'automatic' was similarly erroneous."

Harris' burden of proof argument and the interstate commerce argument are without merit and warrant no further discussion. The states' commission payment statutes as applied in this case do not violate the Commerce Clause because they are not discriminatory nor do they improperly burden interstate commerce. Thus, the district court properly allowed the jury to consider them. *See Or. Waste Sys., Inc. v. Dep't. of Envtl. Quality,* 511 U.S. 93 (1994); *Minn. v. Clover Leaf Creamery Co.*, 449 U.S. 456 (1981); *and Bibb v. Navajo Freight Lines, Inc.,* 359 U.S. 520 (1959). *See also* ALA. CODE §§ 8-24-2, 8-24-3; GA. CODE ANN. § 10-1-702; IND. CODE 24-4-7-5; MICH. COMP. LAWS § 600.2961.

With respect to Harris' requested "clear and convincing" jury instruction, the district court properly denied Harris' requested jury instruction. Unlike cases in which punitive damages are based on malice, wantonness, fraud, gross negligence, or oppressiveness, here the statutes specifically deal with contracts and commissions, and clearly delineate the type of damages and attorney's fees allowed, and under what circumstances they may be awarded. None of the states' commission payment statutes mention malice, fraud, gross negligence, wantonness, or oppressiveness.

Contrary to Harris argument, the district court properly instructed orally and in writing that any damage award the jury found for unpaid commissions under the Alabama statute "is automatically trebled." The statute in question states that "[a] principal who fails to pay a commission as required by § 8-24-2 is liable to the sales representative in a civil action for three times the damages sustained by the sales representative plus reasonable attorney's fees and court costs." ALA. CODE § 8-24-3.

There has been no argument that the amount awarded on this claim would differ because of the adjustment in the termination date made by this opinion.

Accordingly, the judgment properly included the sum of $122,046 in the judgment based upon the state statutes.

III.    <u>Harris failed to pay commissions and other amounts that were due to Giesting under the agreement for work done prior to the termination date</u>.

Harris disagrees with but does not appeal the jury's finding of liability on Giesting's breach of contract claim in connection with commission reductions made during the contract's term, but properly asserts that, if the Court holds that the agreement was properly terminated, the damage award on this claim is erroneous. The jury's award of $208,626, which was included in the district court's lump sum judgment, was based on a time period lasting through June of 1999, the expiration of

11

the term of the agreement. Because Harris properly terminated the agreement earlier Harris' liability for those commissions should have ended on November 30, 1998, the date Harris' termination for convenience became effective.

Accordingly, upon remand the court will need to recalculate this award based upon the November 30, 1998 termination date, unless a jury is required.

IV.   Giesting's cross-appeal based on breach of contract concerning the J1850 product line, and unjust enrichment based on that claim.

Giesting alleged that the parties had entered into a "side" agreement that provided commissions on sales of J1850 automotive chip sets providing for higher commissions than those provided in the sales representative agreements between the parties. Giesting makes two arguments that the district court incorrectly entered judgment as a matter of law concerning this J1850 product line on two grounds.

First, Giesting claims that the agreement for Harris to pay Giesting commissions for services rendered for the J1850 product line "for the life of the product" should not have been barred by the Statute of Frauds. Under Florida law, an oral contract is unenforceable when the contract could not be performed within one year from the time it was made. FLA. STAT. § 725.01. The district court found no dispute that the product life was intended to be several years' duration, and that purported writings and e-mails between Harris and Giesting were insufficient as a

12

matter of law to make it a written agreement which would not be barred by the Statute of Frauds. Upon a thorough review of the record, we hold that the district court did not err in entering judgment for Harris as a matter of law on Giesting's claim for additional commissions on the J1850 product line. *See Merlo v. United Way of Am.*, 43 F.3d 96 (4th Cir. 1994). (applying Florida Law).

Second, Giesting argues that even if the J1850 contract is unenforceable under Florida law, the court erred in directing a verdict on Giesting's claim for unjust enrichment. Giesting argues it should recover benefit of the bargain damages in the exact amount that it would have had the contract been enforced. The district court did not abuse its discretion in directing a verdict on this claim because (1) Giesting was entitled only to reasonable value of labor performed and the market value of any furnished materials; and (2) Giesting presented insufficient evidence as to these values. *See generally, Casielles v. Taylor Rolls Royce, Inc.*, 645 F.2d 498 (5th Cir. 1981); *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802 (11th Cir. 1999).

V.   Giesting's cross-appeal from the separate judgment for attorney's fees.

We have considered the arguments of Giesting that it was entitled to more than the $30,000 the district court awarded for attorney's fees. The attorney's fees award was based on the claims for unpaid and underpaid commissions and statutory penalties

under the Alabama, Georgia, Indiana and Michigan statutes. We have affirmed the $122,046 award of damages based on those claims. A review of the district court's decision concerning the amount of attorney's fees reveals no abuse of discretion in the attorney's fees award.

Conclusion

We have carefully reviewed the record and the briefs and the points made at oral argument before this panel, and have considered every issue raised on this appeal. The points not mentioned in this opinion are either mooted by the decisions here made, or do not merit further discussion.

AFFIRMED in part, VACATED in part and REMANDED.